**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50262 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-00104-WQH |
| v. | |
| JAVIER MORENO-MENDOZA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted May 15, 2018[**]

Before:     SILVERMAN, BEA, and WATFORD, Circuit Judges.

Javier Moreno-Mendoza appeals from the district court's judgment and challenges the 19-month sentence imposed following his guilty-plea conviction for attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291. We dismiss.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Moreno-Mendoza argues that the district court improperly calculated the applicable Sentencing Guidelines range. The government contends that this appeal is barred by a valid appeal waiver. We review de novo whether a defendant has waived his right to appeal. *See United States v. Harris*, 628 F.3d 1203, 1205 (9th Cir. 2011). The court imposed a sentence below the Guidelines range recommended by the government at sentencing. Thus, the terms of the appeal waiver in Moreno-Mendoza's plea agreement unambiguously encompass this sentencing appeal. *See id.* at 1205-06. Accordingly, we dismiss pursuant to the valid waiver. *See id.* at 1207.

**DISMISSED.**